REIDLING et al., Appellants; Grange Mutual
Casualty Company, Intervenor–Appellant,

v.

MEACHAM; Sentry Insurance Company, Appellee.

[Cite as *Reidling v. Meacham*, 148 Ohio App.3d 86, 2002-Ohio-528]

Court of Appeals of Ohio,
Sixth District, Sandusky County.

No. S–01–014.

Decided Feb. 8, 2002.

Michael A. Dzienny and Kathy J. Strzyinski, for plaintiffs-appellants Amy M. Reidling et al.

James L. Schuller and Raymond H. Pittman, for intervenor-appellant Grange Mutual Casualty Company.

Peter C. Munger and Keith J. Watkins, for appellee Sentry Insurance Company.

HANDWORK, Judge.

{¶ 1} This is an appeal from a judgment of the Sandusky County Court of Common Pleas that granted a motion for summary judgment filed by appellee, Sentry Insurance Company ("Sentry"), in this dispute concerning underinsured motorist ("UIM") coverage pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116. For the reasons stated herein, this court affirms the judgment of the trial court.

{¶ 2} The following facts are relevant to this appeal. JaiDaiy A. Reidling died as a result of injuries suffered when his motorcycle was struck by a motor vehicle on May 6, 1995, in Fremont, Ohio. In May 1998, Amy M. Reidling, individually, as administrator of the estate of JaiDaiy A. Reidling, and as the parent and natural guardian of Jaia L. and Brant M. Reidling, minors ("Reidlings"), brought a wrongful death action against the tortfeasor, Marjorie Meacham.[1] In 2000, the Reidlings filed an amended complaint against their own automobile insurance carrier, appellant, Grange Mutual Casualty Company, ("Grange"), seeking a declaratory judgment in regard to UIM coverage. In the amended complaint, the Reidlings also included a UIM claim pursuant to *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, under a commercial automobile policy issued to the A.O. Smith Corporation by Sentry. At the time of the accident, the decedent was employed in an A.O. Smith plant located in Ohio. In its answer, Sentry stated that the insurance policy issued to the A.O. Smith Corporation was subject to Wisconsin, not Ohio, law.

{¶ 3} In February 2001, Sentry filed a motion for summary judgment. In its motion for summary judgment, Sentry argued that it is a Wisconsin insurance company located in Stevens Point, Wisconsin; that the A.O. Smith Corporation has its corporate headquarters in Milwaukee, Wisconsin; that the insurance contract at issue was a contract entered into by a Wisconsin insurer and a Wisconsin insured; and that under Ohio law, Wisconsin law determines the meaning and effect of the policy in question. Sentry also argued that under Wisconsin law, the Reidlings had no claim.[2] Grange and the Reidlings opposed

---

1. In a prior appeal, this court affirmed the trial court's determination of the per-person policy limit of the tortfeasor's insurance policy. See, *Reidling v. Meacham* (June 23, 2000), Sandusky App.No. S–99–039, 2000 WL 819277.

2. Sentry asserted other bases for summary judgment not relevant to this appeal.

the motion. On April 11, 2001, the trial court granted Sentry's motion for summary judgment, finding that Wisconsin law controlled the interpretation of the Sentry policy and that there was no *Scott–Pontzer* equivalent in Wisconsin. Grange filed a timely notice of appeal.[3]

{¶ 4} Grange sets forth the following assignment of error:

{¶ 5} "APPELLANT'S ASSIGNMENT OF ERROR

{¶ 6} "1. The trial court erred in granting the summary judgment filed by Sentry Insurance Company."

{¶ 7} In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 8} In *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206, paragraph two of the syllabus, the Ohio Supreme Court held:

{¶ 9} "Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971). (1 Restatement of the Law 2d, Conflict of Laws [1971], Section 205, applied.)"

{¶ 10} The court also stated:

{¶ 11} "Section 188's choice-of-law methodology focuses on the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile of the contracting parties. In insurance cases, this focus will often correspond with the Restatement's view that the rights created by an insurance contract should be determined 'by the local law of the state which the parties understood was to be the *principal location of the insured risk during the term of the policy,* unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.' (Emphasis sic.) Restatement at 610, Section 193. '[I]n the case of an automobile liability policy, the parties will usually know beforehand where the automobile will be garaged at least during most of the period in question.' Id. at 611, Comment *b*. The principal location of the insured risk described in Section 193 neatly corresponds with one of Section 188's enumerated factors-*the location*

---

3. Reidlings also filed a notice of appeal. In lieu of filing a separate brief, Reidlings adopted and incorporated the brief filed by Grange.

*of the subject matter of the contract.*" (Emphasis added.) Id. at 479–480, 747 N.E.2d 206.

{¶ 12} The court determined that the same choice-of-law principles previously applied to disputes over liability insurance coverage and other contractual disputes should be applied to disputes over UIM coverage. Id. at 480, 747 N.E.2d 206.

{¶ 13} The *Ohayon* court also cited with approval the case of *Miller v. State Farm Mut. Auto. Ins. Co.* (C.A., 1996), 87 F.3d 822, in which the executor of a Pennsylvania insured, after exhausting the limits of the Ohio tortfeasor's insurance policy, instituted a declaratory judgment action against her decedent's insurer to recover UIM benefits. 91 Ohio St.3d at 482, 747 N.E.2d 206. The *Ohayon* court stated: "The Sixth Circuit, while noting that [a] tort choice-of-law analysis would apply if the *measure of damages due the executor* had been at issue, upheld the district court's application of Ohio's *contract* choice-of-law analysis." (Emphasis sic.) Id. The Ohio Supreme Court quoted the following from the *Miller* court:

{¶ 14} " '[W]e view the instant case as one that sounds in contract and not in tort. * * * [T]he true heart of the matter—i.e., whether to apply the "per person" or "per accident" limit stated in the policy—involves the interpretation of an insurance contract executed in Pennsylvania by a Pennsylvania resident, with a company licensed to do business in Pennsylvania.' Id. at 826–827, citing *Ferrin*, 21 Ohio St.3d 43, 21 OBR 328, 487 N.E.2d 568." 91 Ohio St.3d at 482–483, 747 N.E.2d 206.

{¶ 15} In the case sub judice, it is clear that the following Section 188 factors favor the application of Wisconsin law: the place of contracting was Wisconsin; the place of negotiation was Wisconsin; and the domicile of the contracting parties was Wisconsin. Because the insurance contract covered not only the A.O. Smith Corporation located in Wisconsin, but also other affiliated or subsidiary companies located elsewhere, we must examine the insurance contract to determine whether the remaining Section 188 factors (the place of performance and the location of the subject matter of the contract) favor the application of Wisconsin or Ohio law.

{¶ 16} In the insurance contract at issue, UIM was provided for:

{¶ 17} "Only those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and *cannot* reject Uninsured Motorists Coverage. * * * " (Emphasis added.)

{¶ 18} Because Ohio law allows for rejection of UIM coverage, Ohio does not fall within the category specified in the insurance contract at issue. Therefore, because under the insurance contract at issue, UIM coverage was provided only

when the law of the state required and the insured "cannot reject" the coverage, there was no UIM coverage for any auto owned in Ohio by the A.O. Smith Corporation.

{¶ 19} This conclusion is also consistent with the expectations of the parties to the contract. The protection of the expectations of the parties to a contract is stressed in the Restatement of the Law 2d, Conflict of Laws (1971), Section 188, Comment *b*. This comment provides:

{¶ 20} "The factors listed in Subsection (2) * * * vary somewhat in importance from field to field and from issue to issue. *Thus, the protection of the justified expectations of the parties is of considerable importance in contracts whereas it is of relatively little importance in torts* (see § 145, Comment *b*). * * * [P]arties enter into contracts with forethought and are likely to consult a lawyer before doing so. * * * In situations where parties did not give advance thought to the question of which should be the state of applicable law, or where their intentions in this regard cannot be ascertained, it may at least be said, subject to rare exceptions, that they expected that the provisions of the contract would be binding on them. [Emphasis added.]

{¶ 21} *"The need for protecting the expectations of the parties gives importance in turn to the values of certainty, predictability and uniformity of result. For unless these values are attained, the expectations of the parties are likely to be disappointed.* [Emphasis added.]

{¶ 22} "* * *

{¶ 23} "Protection of the justified expectations of the parties is a factor which varies somewhat in importance from issue to issue. * * * *Parties entering a contract will expect at the very least, subject perhaps to rare exceptions, that the provisions of the contract will be binding upon them.* Their expectations should not be disappointed by application of the local law rule of a state which would strike down the contract or a provision thereof unless the value of protecting the expectations of the parties is substantially outweighed in the particular case by the interest of the state with the invalidating rule in having this rule applied. The extent of the interest of a state in having its rule applied should be determined in the light of the purpose sought to be achieved by the rule and by the relation of the transaction and the parties to that state (see Comment *c*).

{¶ 24} "Protection of justified expectations plays a less significant role in the choice-of-law process with respect to issues that involve the nature of the obligations imposed by a contract upon the parties rather than the validity of the contract or of some provision thereof. *By and large, it is for the parties themselves to determine the nature of their contractual obligations. They can spell out these obligations in the contract or, as a short-hand device, they can*

*provide that these obligations shall be determined by the local law of a given state* (see § 187, Comment *c*). \* \* \*" (Emphasis added.)

{¶ 25} Even though "[p]rotection of justified expectations plays a less significant role in the choice-of-law process with respect to issues that involve the nature of the obligations imposed by a contract upon the parties," in the case sub judice the parties to the contract determined the nature of their contractual obligations when they included these obligations in the contract. Sentry and the A.O. Smith Corporation limited the UIM coverage provided to:

{¶ 26} "Only those 'autos' you own that because of the law in the state where they are licensed or principally garaged are required to have and *cannot* reject Uninsured Motorists Coverage."

{¶ 27} Thus, this provision explicitly excludes Ohio.

{¶ 28} Upon review of the factors enumerated in Section 188 of the Restatement of the Law 2d, Conflict of Laws (1971) and applying those factors to the insurance contract at issue in the case sub judice, this court concludes that "the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of" Wisconsin. *Ohayon*, 91 Ohio St.3d 474, 747 N.E.2d 206, paragraph two of the syllabus.[4]

{¶ 29} Accordingly, appellants Amy M. Reidling et al. and Grange Mutual Casualty Insurance's single assignment of error is found not well taken.

{¶ 30} On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Appellants are ordered to pay the court costs of this appeal.

Judgment affirmed.

MELVIN L. RESNICK and RICHARD W. KNEPPER, JJ., concur.

---

4. Based upon this conclusion, it is not necessary for this court to consider the other arguments raised by Grange.