OPINION
{¶ 1} Plaintiffs-appellants Adolphus M. Register and Sandra L. Register filed a complaint seeking to recover damages for injuries Adolphus sustained in an automobile accident and for Sandra's resulting loss of consortium. They also sought uninsured/ underinsured motorists coverage ("UIM") under policies issued to their employers pursuant to the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut. Fire Ins.Co., 85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116, and its progeny. They and their insurance carrier, defendant/cross-claim plaintiff/appellee Nationwide Mutual Fire Insurance Company appeal the trial court's decision denying them that coverage on the basis that Ohio law did not govern the dispute regarding their employers' policies. We affirm the trial court's judgment.
 {¶ 2} On July 16, 1998, Adolphus was driving his own car on the interstate near Titusville, Florida, when Kathryn A. Hollingsworth lost control of her car and struck his car, causing him serious injury. The Registers' automobile insurance policy with Nationwide contained liability as well as UIM motorist's coverage. Hollingsworth, who died from injuries she sustained in the collision, did not have bodily injury liability insurance. Her insurance policy only included property damage liability coverage and personal injury protection coverage, as allowed by Florida law.
 {¶ 3} At the time of the accident, Adolphus was employed by Hobart Corporation, a subsidiary of Premark. Defendant/cross-claim defendant/appellee Travelers Insurance Company provided insurance coverage to Hobart and Premark under a commercial automobile policy, a commercial general liability policy, and a commercial excess general liability policy. Sandra was an employee of PNC Bank Corporation at the time of the accident. Defendant/cross-claim defendant/appellee Chubb Insurance provided insurance coverage to PNC under a business automobile insurance policy.[1]
 {¶ 4} After the Registers filed their complaint seeking UIM coverage under the Nationwide, Chubb, and Travelers policies, Nationwide filed a cross-claim against Travelers and Chubb. It asked the court to declare that its UIM coverage was excess over the UIM coverage provided by Travelers and Chubb, or, in the alternative that Travelers and Chubb must provide UIM coverage on a pro rata basis with Nationwide.
 {¶ 5} Chubb and Travelers filed motions for summary judgment, in which they argued, among other things, that Pennsylvania law applied to the Chubb policy and that Illinois law applied to the Travelers policy. Since neither Pennsylvania nor Illinois had a case like Scott-Pontzer or any statute that would provide coverage to an employee under his or her employer's commercial policies, Chubb and Travelers contended they were entitled to judgment as a matter of law. The trial court agreed, holding that they did not owe the Registers UIM coverage. It granted summary judgment in favor of Chubb and Travelers on both the Registers' claims and Nationwide's cross-claims against them. The court also found that there was no just cause for delay pursuant to Civ.R. 54(B), and appellants filed timely appeals from the court's judgment.
 {¶ 6} In their respective assignments of error, the Registers and Nationwide both argue that the trial court erred in granting summary judgment in favor of Chubb and Travelers. They contend that Ohio law applied to the Registers' claims under both of those policies, and that they were entitled to UIM coverage pursuant to the Ohio Supreme Court's holding in Scott-Pontzer. This assignment of error is not well taken.
 {¶ 7} In Ohayon v. Safeco Ins. Co. of Illinois, 91 Ohio St.3d 474,2001-Ohio-100, 747 N.E.2d 206, the Ohio Supreme Court held that an action by an insured against his or her insurance carrier for payment of UIM coverage is a cause of action sounding in contract, rather than tort, even though tortious conduct triggered the applicable contractual provisions. Id., at paragraph one of the syllabus. Courts must determine questions involving the nature and extent of the parties' rights and duties under an insurance contract's UIM provision by applying the rules in Sections 187 and 188 of the Restatement of Laws 2d, Conflict of Laws (1971). Ohayon, supra, paragraph two of the syllabus.
 {¶ 8} Section 187 of the Restatement provides that, subject to very limited exceptions, the law of the state chosen by the parties to a contract will govern their contractual rights and duties. Id., at 477,747 N.E.2d 206; Schulke Radio Productions, Ltd. v. Midwestern Broadcasting Co. (1983), 6 Ohio St.3d 436, 453 N.E.2d 683, syllabus; Brunner v. Quantum Chemical Corp. (Mar 17, 1993), 1st Dist. No. C-920037. Appellants argue that both the Travelers and the Chubb policies were multi-state policies containing numerous state-specific references. They contend that the policies were intended to apply in many different jurisdictions because the insureds did business in many different jurisdictions. Specifically, the Chubb policy contained numerous state-specific forms rejecting UIM coverage in those states, including Ohio. The Travelers policy also contained a form rejecting UIM coverage in Ohio. Appellants claim that the rejection of Ohio UIM coverage was an acknowledgement that Ohio law was applicable to the Registers' claim.
 {¶ 9} The court in Ohayon stated, "We do not invoke Restatement Section 187 to apply the law of the state chosen by the parties unless we are satisfied that the parties have actually made an express choice of law regarding the issue before the court." Ohayon, supra, at 486,747 N.E.2d 206. When the parties have made such a choice, they usually refer expressly to the state of the chosen law in their contract, which is the best way of insuring that courts give effect to their desires. Even when the contract does not refer to any state, the forum state may nevertheless conclude from the contract provisions that the parties wished to have the law of a particular state applied. Nevertheless, this rule does not apply unless the parties have actually chosen the law of a certain state. It is not sufficient to demonstrate that the parties, if they had thought about the matter, would have wished the law of a particular state applied. Restatement of Laws 2d, Conflict of Laws, Section 187, Comment A.
 {¶ 10} While the various state-specific endorsements, particularly the specific rejection of UIM coverage in Ohio, may in some cases be a factor to consider in determining which state's law applies, see Glover v. Smith, 1st Dist. Nos. C-020192 and C-020205, 2003-Ohio-1020, at ¶ 8, they are not an affirmative choice of the law of any particular state as required by Section 187. Nationwide Ins. v. Phelps, 7th Dist. No. 2002 CO 27, 2003-Ohio-497, at ¶ 13. To hold otherwise would be contrary to the Restatement's stated rationale for Section 187: "Prime objectives of contract law are to protect the justified expectations of the parties and to make it possible for them to foretell with accuracy what will be their rights and liabilities under the contract." Restatement of Laws 2d, Conflict of Laws, Section 187, Comment E; Ohayon, supra, at 476-477,747 N.E.2d 206. Further, the supreme court has stated that R.C. 3937.18, Ohio's UIM statute, "unlike some Ohio statutes that apply to contractual relationships, imposes no choice of law on the parties if a dispute arises concerning the existence or extent of coverage." Ohayon, supra, at 481, 2001-Ohio-100, 747 N.E.2d 206.
 {¶ 11} Since the parties made no affirmative choice of law, Section 188 of the Restatement applies. It provides that absent an effective choice of law by the parties, their rights and duties under the contract are determined by the law of the state that has "the most significant relationship to the transaction and the parties." Ohayon, supra, at 477,2001-Ohio-100, 747 N.E.2d 206; Phelps, supra, at ¶ 14. Section 188(2) provides that courts, in making this determination, should consider (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the location of the subject matter, and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. Ohayon, supra, at 477, 2001-Ohio-100,747 N.E.2d 206; Glover, supra, at ¶ 4. As to insurance cases, the supreme court has stated that the focus on these factors "will often correspond with the Restatement's view that the rights created by an insurance contract should be determined `by the law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless * * * some other state has a more significant relationship to the transaction and the parties.'" Ohayon, supra, at 479, 2001-Ohio-100, 747 N.E.2d 206, quoting Restatement at 610, Section 193 (emphasis in original).
 {¶ 12} We first apply these principles to the Travelers policy issued to Adolphus's employer, Premark. In arguing that Ohio had the most significant relationship to the Register claims, appellants focus on the relationship between Adolphus and his employer. However, the parties to the insurance contract were Travelers and Premark. Under the Section-188 analysis, the focus is on the principal location of the insured risk during the term of the policy to determine the state out of which the parties would expect most of the claims under the policy to arise. Phelps, supra, at ¶ 17.
 {¶ 13} The record shows that Premark obtained the Travelers policies through an Illinois broker, and that the negotiations occurred in Illinois. Its principal place of business and the principal place of performance of the contract were in Illinois. Although the contract covered risks in other states, including Ohio, and Premark had locations and vehicles in Ohio, the accident did not involve a Premark vehicle and did not occur in Ohio.
¶ 14} Further, the policy stated that UIM coverage was limited to only those autos owned by Premark "that[,] because of the law in the state where they are licensed or principally garaged[,] are required to have and cannot reject [UIM] coverage." Since Ohio law allowed for the rejection of UIM coverage, no UIM coverage existed for any auto Premark owned in Ohio. See Reidling v. Meacham, 148 Ohio App.3d 86,2002-Ohio-528, 772 N.E.2d 163, at ¶ 16-18.
¶ 15} Though Ohio did have some relationship to the dispute, it was clearly not the state with the most significant relationship to the transaction and the parties. It was not the state where the parties would have expected most of the claims under the policies to arise, and the parties did not expect it would be the principal location of the insured risk. Illinois was the state with the most significant relationship to the parties, and, therefore, the trial court did not err in holding that Illinois law applied to the policy.
¶ 16} Similarly, Ohio law did not apply to the Chubb policy issued to Sandra's employer, PNC Bank. PNC Bank was a Delaware corporation with its principal place of business in Pennsylvania. The policy was issued through a broker in Pennsylvania, and it was negotiated and underwritten in Pennsylvania. Though PNC had vehicles garaged in Ohio, Ohio was clearly not the place of the principal risk covered by the policy. Again, the accident did not occur in Ohio and did not involve a PNC vehicle garaged in Ohio. Ohio was not, therefore, the state with the most significant relationship to the parties or the transaction. See Reidling, supra, at ¶ 15-28; Phelps, supra, at ¶ 16-17; Carr v. Isaacs, 12th Dist. No. C2001-08-191, 2002-Ohio-1734; Mayfield v. Chubb Ins. Co., 5th Dist. No. 2001CA00244, 2002-Ohio-767; Powers v. CGU Indiana Ohio Valley, 10th Dist. No. 01AP-440, 2001-Ohio-8877. Compare Glover, supra, at ¶ 5-8.
 {¶ 17} Since neither Illinois nor Pennsylvania had a rule similar to that in Scott-Pontzer that would allow an employee to recover under his or her employer's UIM coverage, the Registers were not covered under either the Travelers or the Chubb policy. Since they were not entitled to recover, Nationwide was not entitled to recover on its cross-claims against Travelers and Chubb. We find no issues of material fact. Construing the evidence most strongly in appellants' favor, reasonable minds could come to but one conclusion — that Ohio law did not govern the claims in this case, and that neither the Registers nor Nationwide could recover under the Travelers or Chubb policies. Therefore, Travelers and Chubb were entitled to judgment as a matter of law, and the trial court did not err in granting their motions for summary judgment. See Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66, 375 N.E.2d 46; Stinespring v. Natorp Garden Stores, Inc. (1998), 127 Ohio App.3d 213, 215-216, 711 N.E.2d 1104. Accordingly, we overrule appellants' assignments of error and affirm the trial court's judgment.
Judgment affirmed.
Sundermann, J., concurs
Gorman, J., dissents
Gorman, J., dissenting.
{¶ 18 I respectfully dissent from the majority. Premark and PNC had locations in Ohio and vehicles garaged in Ohio. If we are faithful to our analysis in Glover v. Smith, relied upon by the majority, the principal risk covered by the respective commercial automobile policies was located in Ohio, not Illinois or Pennsylvania. Furthermore, like Glover, the policies limited coverage to automobiles garaged in Ohio that could not reject uninsured/underinsured motorist ("UM/UIM") coverage. As we held in Glover, because Ohio is a state that does allow rejection, this language is illusory to the extent that it purports to designate a universe of covered vehicles. The UM/UMI coverage provided by the policies, in fact, covered nothing. The illusory nature of the coverage in Glover was held to give rise to UM/UIM coverage under Scott-Pontzer with respect to both the employee and his family members — unless language in the policy expressly excluded them from the definition of an insured. It would appear inescapable, employing the same logic, that Mr. and Mrs. Register were beneficiaries of UM/UIM coverage in their employers' policies by operation of law, pursuant to Scott-Pontzer, unless the majority can point to language in the policy excluding them. Absent such an exclusion or a valid rejection, I would hold that Travelers and Chubb must contribute pro rata with Nationwide.
[1] We note that Chubb has asserted in its brief, as well as in documents filed in the trial court, that its correct designation is Federal Insurance Company. However, in the interests of consistency and clarity, we will refer to it as Chubb since the complaint and other pleadings use that name.