DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Huron County Court of Common Pleas we are asked to consider whether the trial court erred in granting the summary judgment motion of appellee, The Continental Insurance Company ("Continental"), on the basis that Virginia law, rather than Ohio Law, is applicable to this cause.
 {¶ 2} On May 11, 1993, appellant, Timothy Woodward, was seriously injured when his motorcycle was struck by a vehicle operated by an uninsured motorist. Appellant was paid the per accident limit of $12,500 and $100,000 stated in his own motorcycle and his own automobile insurance policies, respectively.
 {¶ 3} As of the date of the collision, appellant was an employee of Norfolk and Western Railway Company, a subsidiary of the Norfolk Southern Corporation (hereinafter collectively known as "Norfolk"). Norfolk had a commercial motor vehicle liability policy with Continental that was effective from March 1, 1993 to March 1, 1994. The combined single limit of this policy was $1 million. An endorsement to this "Business Auto Policy" for the relevant time period offered uninsured and underinsured motorist ("UM/UIM") coverage pursuant to Ohio's Uninsured Motorist statute, R.C. 3937.18. However, David W. Fries, Director of Risk Management at Norfolk, rejected the offer of that coverage.[1]
 {¶ 4} On August 8, 2001, appellant filed a declaratory judgment action against Continental asking the trial court to find that, pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),86 Ohio St.3d 660[2], appellant was entitled to UM coverage under the Business Auto Policy.
 {¶ 5} After Continental answered the complaint, both parties filed motions for summary judgment. Among the several bases set forth by Continental in support of its motion was a choice of law issue. In particular, Continental contended that, pursuant to Ohayon v. Safeco Ins.Co. (2001), 91 Ohio St.3d 474, Virginia law governed the outcome of the case under consideration. Because Virginia does not recognize an employee's right to UM coverage under his or her corporate employer's motor vehicle policy, see Insurance Company v. Perry (1964), 204 Va. 833, Continental maintained that appellant was not afforded UM coverage under the policy issued to Norfolk.
 {¶ 6} In its judgment, the common pleas court held that the choice of law issue was the determinative question in the present case. Relying on this court's decision in Reidling v. Meacham (2002), 148 Ohio App.3d 86,2002-Ohio-528, the trial court found that Virginia law was applicable and, therefore, granted Continental's motion for summary judgment and denied appellant's motion. This appeal followed.
 {¶ 7} Appellant sets forth one assignment of error for our consideration:
 {¶ 8} "The trial court erred in granting Continental Insurance Company's motion for summary judgment because Ohio law should apply to the facts of this case.
 {¶ 9} In accordance with Civ.R. 56, summary judgment may be granted only if, viewing the evidence most strongly in favor of the nonmoving party, no genuine issue of fact exists, the moving party is entitled to judgment as a matter of law, and reasonable minds can only come to a conclusion which is adverse to the nonmoving party. Harless v.Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 65.
 {¶ 10} We recently decided a companion case on point with the case sub judice. See Garcia v. Green, 6th Dist. No. L-02-1351. Thus, we conclude, on the authority of Garcia, and the cases cited therein, that the trial court erred in finding that Virginia law was the law applicable to the case before us. In reaching this decision, we find that the Reidling case relied upon by the trial court is distinguishable from both Garcia and the instant case.
 {¶ 11} In Reidling, we applied the factors provided in Ohayonv. Safeco Ins. Co. (2001), 91 Ohio St.3d 474, and found that they favored the application of Wisconsin law.
 {¶ 12} Reidling v. Meacham at ¶ 15. We also decided that the multi-state commercial automobile insurance contract in Reidling provided UIM coverage only in those states in which it could not be rejected. Id. at ¶ 17. We predicated this decision on the following clause in the insurance contract:
 {¶ 13} "`Only those "autos" you own that because of the law in the state where they are licensed or principally garaged are required to have and cannot reject Uninsured Motorists Coverage [are provided with UM/UIM coverage]. * * *" Id. at ¶ 16 and ¶ 17.
 {¶ 14} In the present case, under the "Description of Covered Autos Designation Symbols" listed on the Declarations for the multi-state Continental Business Auto Policy, the number six designates "Owned AutosSubject To A Compulsory Uninsured Motorists Law." These autos are described as "[o]nly those autos you own which, because of the laws of the state in which they are licensed or principally garaged, are required to have and cannot reject uninsured motorist insurance." Nevertheless, there is no indication in the policy itself or in any of the other documents offered in support of Continental's motion for summary judgment that "number six" pertained specifically to Ohio. Instead, and unlike Reidling, an Ohio endorsement to the Continental Business Auto Policy offered UM/UIM coverage to Norfolk for its motor vehicles licensed or principally garaged in Ohio. As in Garcia, this evidences an intent that the issues surrounding the insurance contract in this case are to be decided pursuant to Ohio law.
 {¶ 15} Thus, we hold, as we did in Garcia, that, upon a consideration of all of the factors set forth in Ohayon, Ohio has the most significant relationship to the subject matter of this dispute. Accordingly, the trial court erred as a matter of law in granting summary judgment to Continental, and appellant's assignment of error as to the choice of law issue only is found well-taken.
 {¶ 16} The judgment of the Huron County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings consistent with this judgment. The Continental Insurance Company is ordered to pay the costs of this appeal.
JUDGMENT REVERSED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and Arlene Singer,J., CONCUR.
[1] Whether this rejection of UM/UIM coverage was valid is but one of the several issues raised by the parties that must be decided by the trial court upon our remand.
[2] Briefly, in Scott-Pontzer, the Ohio Supreme Court held that as a matter of law a UM policy defining "you" as a corporation is ambiguous regardless of other definitions which might include some individuals. Id. at 664. This ambiguity led the court to conclude that Pontzer, an off-duty employee, was provided UM coverage under his employer's commercial motor vehicle liability policy. Id. at 665.