[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
[1] With the filing of appellee's October 2002 summary judgment motion, the parties began citing the caption as "Cynthia Ferris, et al." However, the only plaintiff named in the pleadings is Cynthia Ferris. No other plaintiffs are named in any of the pleadings. Therefore, the correct caption appears above.
[2] During the trial court proceedings, appellant dismissed the other parties to this litigation.
 DECISION AND JUDGMENT ENTRY
{¶ 1} Cynthia Ferris appeals the Lawrence County Common Pleas Court's summary judgment entered in CNA Insurance Company's favor. The trial court determined that Ohio law did not apply to a commercial automobile liability policy that appellee issued to appellant's employer (Dollar General) and, thus, that appellant was not entitled, underScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660,710 N.E.2d 1116, to uninsured/underinsured (UM/UIM) coverage under appellee's policy. Appellant argues that the trial court incorrectly concluded that Ohio law does not apply to determine whether she is an insured under appellee's policy. Appellant asserts that because appellee issued a policy to a multi-state corporation with stores in Ohio, Ohio law applies. We conclude that simply issuing an automobile liability policy to a corporation with operations in Ohio does not require the application of Ohio law where other factors identified in the Restatement (2nd) Conflict of Laws are more pertinent. Therefore, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 {¶ 2} Appellant filed a complaint against appellee (and others) seeking a declaration that she is entitled to UM/UIM coverage under appellee's policy. Appellee subsequently filed a summary judgment motion where it argued that because it issued the policy to a Tennessee corporation with vehicles principally garaged there, Tennessee law, not Ohio law, applied to the interpretation of its insurance contract. Appellee thus asserted that because Tennessee law applied, appellant could not claim status as an "insured" under the Ohio Supreme Court'sScott-Pontzer decision. Appellee further noted that Tennessee has not adopted the Ohio Supreme Court's Scott-Pontzer reasoning. Appellant then filed a combined opposition memorandum and cross motion for summary judgment, disputing that Tennessee law applied.
 {¶ 3} The trial court granted appellee's summary judgment motion and denied appellee's cross summary judgment motion. Appellant timely appealed the trial court's judgment and raises the following assignment of error: "The trial court erred in denying plaintiff-appellant's motion for summary judgment and granting defendant-appellee's motion lee'S [sic] motion for summary judgment."
 {¶ 4} In her sole assignment of error, appellant argues that the trial court erred by granting summary judgment in appellee's favor. Appellant asserts that the trial court improperly concluded that Ohio law did not apply to appellee's policy. Appellant asserts: "Because [appellee] insures Dollar General's Ohio activities and thus Ohio residents, UM/UIM coverage exists in the CNA policy by operation of law in the amount equal to the liability limit." Appellant contends that Ohio law applies because she is from Ohio, Dollar General does business in Ohio, and the accident occurred in Ohio.
 {¶ 5} Appellee asserts four essential reasons why Tennessee law applies to its policy: (1) the policy was issued in Tennessee; (2) the policy was delivered in Tennessee; (3) the vehicles which are insured are located in Tennessee; and (4) the policy does not contain an Ohio UM/UIM endorsement, but instead contains only a Tennessee UM/UIM endorsement. We agree with appellee that Tennessee law applies.
 {¶ 6} An appellate court independently reviews a trial court's decision to grant summary judgment. See Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. In doing so, we apply the same standard as the trial court, which is contained in Civ.R. 56. SeeHorsley v. Essman (2001), 145 Ohio App.3d 438, 442, 763 N.E.2d 245. Under Civ.R. 56(C), summary judgment is appropriate when: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence, when viewed most strongly in favor of the non-moving party, that reasonable minds can come to a conclusion only in favor of the moving party. See, e.g., Grafton, supra.
 {¶ 7} Here, the parties do not dispute the relevant facts. Rather, the parties question which state's law applies to appellee's policy.
 {¶ 8} When the parties to an insurance contract do not specify which state's law applies to the contract's interpretation, a court should consider the factors set forth in Section 188 of the Restatement (2nd) of Conflict of Laws. See Ohayon v. Safeco Ins. Co. (2001),91 Ohio St.3d 474, 477, 747 N.E.2d 206. Section 188 provides that when the parties do not specify the choice of law, the parties' "rights and duties under the contract are determined by the law of the state that, with respect to that issue, has `the most significant relationship to the transaction and the parties.'" Id. (quoting Restatement at 575, Section 188(1)). A court considering which state has the most significant relationship to the transaction and the parties should consider the following factors: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. See id. (citing Section 188). These factors "are keyed to the justifiable expectations of the parties to the contract, not to the ultimate benefit of one party over another." Id. at 479.
 {¶ 9} Moreover, an analysis of the factors will "often correspond with the Restatement's view that the rights created by an insurance contract should be determined `by the local law of the state which the parties understood was to be the principal location of the insured risk during the term of the policy, unless with respect to the particular issue, some other state has a more significant relationship * * * to the transaction and the parties.'" Id. (quoting Restatement at 610, Section 193).
 {¶ 10} In Ohayon, the court determined that Ohio law applied when (1) the insurance contract was executed and delivered in Ohio by Ohio residents and an Ohio-licensed insurance agent, (2) the policy insured vehicles principally garaged in Ohio, and (3) the accident occurred in Pennsylvania. See id. at 483.
 {¶ 11} A review of the cases that have examined Ohayon in the context of UM/UIM claims reveals that when the insurance policy covers vehicles that are principally garaged in Ohio, Ohio law generally will apply. See Vohsing v. Federal Ins. Co., Licking App. No. 2002CA101,2003-Ohio-2511 (concluding that Ohio law applied when the policy covered four automobiles principally garaged in Ohio, the accident occurred in Ohio, the plaintiffs lived in Ohio, but the policy was issued and delivered in a different state); Glover v. Smith, Hamilton App. Nos. C-020192 and C-020205, 2003-Ohio-1020 (finding that Ohio law applied when (1) the policy was issued in New Jersey to a New Jersey corporation, (2) the corporation had stores and vehicles garaged in Ohio, (3) the accident occurred in Ohio, and (4) the policy contained an Ohio UM/UIM endorsement and rejection/selection form); Moore v. Kemper Ins. Co., Delaware App. No. 02CAE04018, 2002-Ohio-5930 (concluding that Ohio law applied when (1) the policy was negotiated and issued in Illinois, (2) the company had its principal place of business Illinois, (3) the company had businesses in Ohio, (4) two to three percent of the insured vehicles were principally garaged in Ohio, and (5) the policy offered Ohio UM/UIM coverage);Edmondson v. Premier Indus. Corp., Cuyahoga App. No. 81132,2002-Ohio-5573 (finding that Ohio law applied when (1) the accident occurred in Georgia, (2) the contract was executed and delivered in Ohio, (3) the company did business in Ohio, and (4) the policy insured vehicles principally located in Ohio). In contrast, if the place of contracting, negotiating, and principal location of the vehicles is not in Ohio, courts have refused to apply Ohio law. See Varecka v. Doe, Warren App. No. CA2002-06-053, 2003-Ohio-817 (concluding that Pennsylvania law applied when the contract was negotiated in Pennsylvania, the insurance premiums were paid in Pennsylvania, and the policy did not cover any vehicles principally garaged in Ohio); Hofle v.General Motors Corp., Twelfth App. No. CA2002-06-062, 2002-Ohio-7152
(finding that Kentucky law applied when rental car accident occurred in Ohio, but the vehicle was principally garaged in Kentucky and leased in Kentucky). Additionally, some courts have concluded that the existence of an Ohio UM/UIM endorsement or rejection form favors applying Ohio law. See Glover; Horston v. Pfannenschmidt, Jefferson App. No. 02-JE-3,2002-Ohio-7379 (concluding that Ohio law applied when the policy was issued in West Virginia, West Virginia was place of contracting and negotiating, and the policy contained an Ohio UM/UIM endorsement); Moore
("Included in the Kemper policy is an Ohio uninsured motorist coverage form. By offering Bank One UM/UIM coverage * * * Kemper conveyed its intent Ohio law would apply. Bank One and Kemper acknowledged a portion of the vehicles would be principally garaged in Ohio, thus conceding their understanding a certain amount of risk in Ohio."). But, see,Register v. Nationwide Mut. Fire Ins. Co., Hamilton App. Nos. C-020318 and C-020319, 2003-Ohio-1544 (concluding that Ohio law did not apply when (1) the accident occurred in Florida, (2) negotiations occurred in Illinois, (3) the principal place of business was Illinois, (4) the contract covered risks in Ohio, (5) some vehicles were located in Ohio, and (6) the insurance policy contained Ohio UM/UIM form). At least one court has determined that the absence of an Ohio UM/UIM form shows the parties' intent that Ohio law would not apply. See Reidling v. Meacham
(2002), 148 Ohio App.3d 86, 772 N.E.2d 163, appeal not allowed,95 Ohio St.3d 1483, 2002-Ohio-2668, 769 N.E.2d 399 (concluding that Wisconsin law applied when Wisconsin was the place of contracting and negotiating, the contracting parties were domiciled in Wisconsin, and the policy did not provide Ohio UM/UIM coverage). However, our reading of the cases leads us to conclude that no one factor should be determinative. Nonetheless, one factor, such as the location of the insured risk, may weigh more heavily than others, such as the place of contracting or the site of the accident.
 {¶ 12} Here, application of the Restatement factors favors applying Tennessee law. The policy was issued and delivered to a Tennessee corporation. Appellant has not argued that the policy covered any vehicles principally garaged in Ohio. Moreover, the policy does not contain an Ohio UM/UIM endorsement. All indications are that the parties anticipated that Tennessee law would apply. We disagree with appellant that Ohio law applies simply because she is from Ohio, Dollar General does business in Ohio, and the accident occurred in Ohio. These factors are not sufficient to show that Ohio has the most significant relationship to appellee's insurance contract. Therefore, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Abele, J.: Concur in Judgment and Opinion.