DECISION.
{¶ 1} Plaintiffs-appellants Larry Lee McRoberts, Michael McRoberts, and Gail Denise McRoberts appeal the granting of summary judgment for defendant-appellee American Manufacturers Mutual Insurance Company ("AMM"). We affirm.
 {¶ 2} Larry Lee McRoberts, a minor, was involved in an accident while riding his bicycle in June 1997. A van driven by Mark Freeman hit Larry Lee, dragged him along with the vehicle, and caused severe physical injuries. Larry Lee became paralyzed from the chest down after the accident. Mark Freeman was uninsured.
 {¶ 3} At the time of the accident, Gail Denise McRoberts, Larry Lee's mother, was working at a Walgreen's drug store. Walgreen Co. had contracted for insurance with AMM, including a business automobile policy and a commercial general liability policy. The negotiations and the signing of the policies took place entirely in Illinois. The appellants improperly named Kemper Risk Management in their January 2002 amended complaint. Kemper Risk Management is simply a trade name for AMM.
 {¶ 4} Gail Denise McRoberts filed this action in October 2001, claiming entitlement to uninsured/underinsured motorist (UM/UIM) benefits under the Ohio Supreme Court's holding in Scott-Pontzer v. Liberty Mut.Ins. Co.[1] She filed the suit on behalf of Larry Lee, and also asserted claims for loss of consortium on behalf of Michael McRoberts, a minor, and herself.
 {¶ 5} AMM moved for summary judgment in December 2002. The trial court granted summary judgment solely on the basis of choice-of-law principles, holding that Illinois law applied because the parties had negotiated the insurance policies entirely in Illinois. Strangely enough, Illinois does not recognize a Scott-Pontzer claim.
 {¶ 6} In their sole assignment of error, the appellants now argue that the trial court erred by granting summary judgment.
 {¶ 7} We review the grant of summary judgment de novo.[2] Under Civ.R. 56(C), summary judgment is proper when (1) no genuine issue of material fact remains; (2) the moving party is entitled to summary judgment as a matter of law; and (3) it appears from the evidence, viewed in the light most favorable to the nonmoving party, that reasonable minds can come only to a conclusion in favor of the moving party.[3]
 {¶ 8} The rights created by an insurance contract are ordinarily governed by the law of the principal location of the risks.[4] But courts should also consider the place of contracting; the place of negotiation; the place of performance; the location of the subject matter; and the domicile, residence, nationality, place of incorporation, and place of business of the parties.[5] Ohio's UM/UIM statute allows no choice of law for the parties if a dispute arises concerning the existence or extent of coverage.[6]
 {¶ 9} In Glover v. Smith,[7] we reviewed a case similar to the case at bar. There, we held that the trial court had properly held that Ohio law applied where certain factors existed. The relevant factors were (1) the place of the accident, (2) the Ohio domicile of both drivers, and (3) the likelihood that the victim's vehicle was garaged in Ohio and that the employer had company vehicles principally garaged in Ohio.[8] Even though the contract for insurance was negotiated in New Jersey, we agreed with the trial court's holding that the presence of these other factors demonstrated that "Ohio ha[d] by far the greatest interest in the subject matter in dispute."[9]
 {¶ 10} In Register v. Nationwide Mut. Fire Ins. Co.,[10] we held that application of Ohio law was improper where Ohio had only a minimal relationship to the dispute. But the accident involved in Register did not occur in Ohio. We noted, "[T]he accident did not occur in Ohio and did not involve a PNC vehicle garaged in Ohio. Ohio was not, therefore, the state with the most significant relationship to the parties or the transaction."[11]
 {¶ 11} Both Glover and Register held that the law of the state with the greatest interest or the most significant relationship to the parties or the transaction should apply. In the present case, Ohio is that state. Gail Denise McRoberts worked and lived in Ohio. Presumably, her car was principally garaged in Ohio, as were a number of other insured Walgreen cars. Larry Lee McRoberts's accident occurred in Ohio, and the driver of the car was an Ohio resident. Following our analysis in Glover
and Register, we hold that Ohio law applied to the AMM insurance policies, and that the trial court erred by granting summary judgment based on Illinois law.
 {¶ 12} We decline to review whether the waiver of UM/UIM coverage in the AMM policies met the requirements of Linko v. Indemnity Ins. Co.of North America,[12] whether Walgreen was self-insured in a practical sense, and whether there is any merit to AMM's claims that McRoberts breached the general conditions of one of the policies. These issues were not argued on appeal before us, and a remand to the trial court to determine these issues is appropriate.
 {¶ 13} Accordingly, we reverse the trial court's judgment and remand this case for further proceedings in accordance with Ohio law.
Judgment reversed and cause remanded.
Doan, P.J., and Gorman, J., concur.
[1] Scott-Pontzer v. Liberty Mut. Ins. Co., 85 Ohio St.3d 660,1999-Ohio-292, 710 N.E.2d 1116.
[2] Doe v. Shaffer, 90 Ohio St.3d 388, 2000-Ohio-186,738 N.E.2d 1243.
[3] See Acree v. CNA Ins. Cos., 1st Dist. No. C-020710, 2003-Ohio-3043.
[4] Ohayon v. Safeco Ins. Co., 91 Ohio St.3d 474, 2001-Ohio-100,747 N.E.2d 206.
[5] Id.
[6] Id.
[7] 1st Dist. Nos. C-020192 and C-020205, 2003-Ohio-1020.
[8] Id.
[9] Id. at ¶ 6.
[10] 1st Dist. Nos. C-020318 and C-020319, 2003-Ohio-1544.
[11] Id. at ¶ 16.
[12] 90 Ohio St.3d 445, 2000-Ohio-92, 739 N.E.2d 338.