[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.Rep.Op. 3(A).
{¶ 2} Harry Lamb rented a jeep from Allard Rental Corporation ("Allard") in Hammond, Indiana. Defendant-appellee Empire Fire and Marine Insurance Company ("Empire") was the insurer for Allard. Indiana law permits the inclusion in a rental agreement of a provision called an "escape clause," which states that the lessee's personal automobile liability policy is primary. Under Indiana law, unless the lessee of a rental car purchases additional liability coverage provided by the lessor, the motor vehicle insurance coverage of the lessee is primary, and the coverage provided by the lessor's insurer is secondary. Lamb declined to purchase the liability insurance supplemental coverage offered by Allard. Lamb was insured under a policy issued by plaintiff-appellant Progressive Preferred Insurance Company ("Progressive") to Sonya Belzer.
{¶ 3} On February 19, 2000, Lamb lost control of the jeep and struck a fence owned by Xavier University. Progressive paid Xavier University for the damage to the fence.
{¶ 4} Progressive filed a complaint against Empire, alleging that Empire owed liability coverage on a primary basis. The facts were stipulated. Both parties filed motions for summary judgment. The trial court granted Empire's motion and denied Progressive's motion. Progressive has appealed.
{¶ 5} The sole assignment of error alleges that the trial court erred in denying Progressive's motion for summary judgment and in granting Empire's motion for summary judgment.
{¶ 6} The question is whether the trial court was correct in finding that the insurance contract between Empire and Allard, and the rental agreement between Lamb and Allard, were governed by Indiana law. Progressive acknowledges that if Indiana law is applied, its coverage is primary and Empire owes no coverage.
{¶ 7} Questions involving the nature and extent of rights and duties under an insurance contract must be determined by the law of the state with the greatest interest in the subject matter or most the significant relationship to the transaction. See Ohayon v. Safeco Ins.Co., 91 Ohio St.3d 474, 2001-Ohio-100, 747 N.E.2d 206; McRoberts v.Kemper Risk Management (October 17, 2003), 1st Dist. No. C-030115, 2003-Ohio-5517.
{¶ 8} We hold that the trial court correctly determined that Indiana law should be applied to determine the rights and duties under the rental agreement and the insurance contract because the rental agreement was executed in Indiana, the car was rented in Indiana from an Indiana rental agency, the car was garaged in Indiana, the car was delivered to Lamb in Indiana, and Empire's contract was with an Indiana insured. We hold that the trial court was correct in determining that Indiana had the greatest interest in the subject matter and the most significant relationship to the transaction. See id. The assignment of error is overruled.
{¶ 9} Therefore, the judgment of the trial court is affirmed.
{¶ 10} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Winkler, JJ.