JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Paul Jones ("Jones") appeals the judgment of the Cuyahoga County Court of Common Pleas, which granted appellee American Motorists Insurance Company's ("AMICO") motion for reconsideration and found that Jones was not entitled to uninsured/underinsured motorist ("UM/UIM") coverage as a matter of law based upon the application of Wisconsin law. AMICO has filed a cross-appeal from this judgment and the trial court's prior rulings that granted Jones's motion for summary judgment and denied AMICO's motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} The following facts give rise to this appeal.
 {¶ 3} On December 27, 1993, Jones was involved in an automobile accident in Lorain County, Ohio. Jones was driving a vehicle owned by his grandmother and was not within the course and scope of his employment. Jones suffered severe injuries in the accident.
 {¶ 4} The driver of the other vehicle was insured by Progressive Insurance Company ("Progressive"). Jones recovered the policy limits of $12,500 from Progressive. Jones also recovered underinsured motorist benefits under other insurance policies.
 {¶ 5} Jones brought this action against AMICO to recover UM/UIM coverage under a business auto policy issued by AMICO to Johnson Controls, Inc. ("Johnson Controls").[1] Jones alleged in his complaint that he was an employee of Johnson Controls at the time of the accident, and that as an employee he qualified as an insured under the policy.
 {¶ 6} The business auto policy is a multi-state policy. The named insured under the policy is "Johnson Controls, Inc." Subsidiaries of Johnson Controls are insureds under the policy. The policy also defines an "insured" to include "[y]ou for any covered `auto.'"
 {¶ 7} Jones and AMICO filed cross-motions for summary judgment. The trial court initially denied AMICO's motion and granted Jones's motion. The trial court applied Ohio law and found the UM/UIM rejection was invalid and that Jones was entitled to UM/UIM coverage arising by operation of law. In its decision, the trial court rejected AMICO's assertion that Wisconsin law should apply solely because Johnson Controls was a Wisconsin corporation and found AMICO failed to show there was not enough contact with the state of Ohio. The trial court also found the policy was not a full fronting policy in the practical sense because the insurance company remained liable if the insured declared bankruptcy.
 {¶ 8} Thereafter, AMICO filed a motion for reconsideration with respect to the above rulings and requested the court to reconsider its decision that Johnson Controls was not self-insured in the practical sense based on this court's ruling in Straubhaar v. Cigna Prop.Cas. Co., Cuyahoga App. No. 81115, 2002-Ohio-4791. AMICO also filed a supplement to the motion with an attached affidavit arguing Jones did not qualify as an insured under the policy, the policy was issued in Wisconsin and to a Wisconsin corporation, and Jones was an employee of a wholly owned subsidiary of Johnson Controls that did not have vehicles registered or principally garaged in Ohio. The trial court granted the motion for reconsideration finding that Wisconsin law applied and that Jones was not entitled to UM/UIM coverage as a matter of law.
 {¶ 9} Jones has filed an appeal raising one assignment of error, and AMICO has filed a cross-appeal raising three assignments of error. Jones's sole assignment of error states:
 {¶ 10} "The trial court erred in granting the defendant American Motorist Insurance Company's ("AMICO's") motion for reconsideration and entering judgment for defendant on the ground that Wisconsin law rather than Ohio law governs the parties [sic] rights and duties under the AMICO policy."
 {¶ 11} AMICO's assigned errors state:
 {¶ 12} "The trial court erred in finding that Johnson Controls was not `self-insured in the practical sense' based on the fact that the policy contains $2,000,000 liability limits with a $2,000,000 deductible."
 {¶ 13} "The trial court erred in finding that Paul Jones is insured under the AMICO policy despite the definition of an insured which is distinguishable from Scott-Pontzer."
 {¶ 14} "The trial court erred in finding plaintiff's claims are not barred because of his failure to provide prompt notice and preserve AMICO's subrogation rights."
 {¶ 15} We need not address the above assignments of error in light of the recent opinion by the Ohio Supreme Court in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. As discussed below, we find that regardless of whether Ohio or Wisconsin law is applied in this case, Jones is not entitled to UM/UIM coverage.
 {¶ 16} In Westfield Ins. Co. v. Galatis, the Ohio Supreme Court held: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 17} Under the facts of this case, the named insured under the policy was a corporation, Johnson Controls, Inc. Since Jones's loss did not occur within the course and scope of his employment, Jones was not an insured for UM/UIM purposes under Ohio law. See Id.
 {¶ 18} Wisconsin has no Scott-Pontzer equivalent and Jones would not be entitled to UM/UIM coverage under Wisconsin law. See Id.; Reidlingv. Meacham, 148 Ohio App.3d 86, 2002-Ohio-528 (affirming lower court application of Wisconsin law which does not have a Scott-Pontzer equivalent); Reed v. General Cas. Co., 216 Wis.2d 205, 576 N.W.2d 73
(interpreting "you" to mean the named insured); Aetna Casualty Sur. Co. v. Haneman (1994), 188 Wis.2d 603; 526 N.W.2d 279 (finding "you" unambiguous). Accordingly, we determine that Jones would not be entitled to UM/UIM coverage under either Wisconsin or Ohio law. We affirm the judgment of the trial court, albeit for another reason. Joyce v. Gen.Motors Corp. (1990), 49 Ohio St.3d 93, 96.
 {¶ 19} The Judgment is affirmed.
Judgment affirmed.
Frank D. Celebrezze, JR., P.J., and Diane Karpinski, J., concur.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] The complaint named Kemper Insurance Company and John Doe Insurance Company as defendants. AMICO answered the complaint as the proper defendant to the action. AMICO is one of the Kemper Group of Insurance Companies and the entity that issued the policy in question.