LeMASTERS, Appellee,

v.

**KEMPER INSURANCE COMPANY, Appellant.**

[Cite as *LeMasters v. Kemper Ins. Co.*, 158 Ohio App.3d 277, 2004-Ohio-4282.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2003–L–037.

Decided Aug. 13, 2004.

Jeffrey H. Black, for appellee.

Shawn W. Maestle, for appellant.

WILLIAM M. O'NEILL, Judge.

{¶ 1} Appellant, Lumbermens Mutual Casualty Company ("Lumbermens"), appeals the judgment entered by the Lake County Court of Common Pleas. The trial court entered summary judgment in favor of appellee, Donna LeMasters. Lumbermens was incorrectly identified as Kemper Insurance Company in Le-Masters's initial complaint.

{¶ 2} In December 1998, LeMasters was employed by the Menasha Corporation. The Menasha facility that LeMasters worked at is located in Mentor, Ohio.

{¶ 3} Menasha had two insurance policies with Lumbermens. One of the policies was a commercial general liability policy with limits of $1,000,000. The other was a business automobile policy with limits of $1,000,000. Both policies had $250,000 deductibles.

{¶ 4} On December 23, 1998, LeMasters was operating her own vehicle on Tyler Boulevard in Mentor, Ohio, attempting to make a left turn. She was rear-ended by Milton Terrill, the alleged tortfeasor. In her appellate brief, she suggests that she was on her lunch break at the time of the accident. The record does not affirmatively establish whether she was acting in the course and scope of her employment at the time of the accident.

{¶ 5} LeMasters settled with the alleged tortfeasor. Thereafter, she initiated the instant action for declaratory judgment. She sought a declaration that she was entitled to uninsured/underinsured motorist ("UM/UIM") coverage under the Lumbermens insurance policies issued to Menasha under a *Scott–Pontzer* theory of coverage.[1]

{¶ 6} Both parties filed motions for summary judgment. The trial court entered summary judgment in favor of LeMasters. Specifically, the trial court found that (1) Ohio law applied to the interpretation of the contract, (2) the commercial general policy provides for motor vehicle coverage and is subject to R.C. 3937.18(A), (3) LeMasters is an insured under the commercial general liability policy pursuant to *Scott–Pontzer*, (4) Menasha is not a self-insuring company and, thus, it falls within the mandates of R.C. 3937.18, (5) LeMasters is an insured under the business automobile policy pursuant to *Scott–Pontzer*, (6) there was not a proper offer of UM/UIM coverage and Menasha did not properly reject UM/UIM coverage, (7) LeMasters gave reasonably prompt notice to Lumbermens, and (8) an interpretation of the contract by the trial court was constitutional.

---

1. *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

{¶ 7} Lumbermens raises four assignments of error. Its first two assigned errors are as follows:

{¶ 8} "[1.] The trial court erred in determining that Ohio law, instead of Wisconsin law, applied to Menasha's insurance contract with Lumbermens, which was negotiated and issued in the state of Wisconsin.

{¶ 9} "[2.] The trial court erred in determining that appellee, Donna LeMasters, was an insured under either the business policy or the CGL policy issued to the Menasha Corporation."

{¶ 10} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[2] In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party.[3] The standard of review for the granting of a motion for summary judgment is de novo.[4]

{¶ 11} We will initially address Lumbermens' second assignment of error. In *Scott–Pontzer*, the Supreme Court of Ohio held that the term "you" when used in an insurance policy issued to a corporation is ambiguous.[5] Thus, the court held that the term "you" encompasses the employees of that corporation.[6]

{¶ 12} The Supreme Court of Ohio has recently held, "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee * * * only if the loss occurs in the course and scope of employment."[7] This holding has limited *Scott–Pontzer* coverage to instances in which an employee is acting in the scope and course of employment.[8]

{¶ 13} Lumbermens attached as an exhibit to its motion for summary judgment a copy of LeMasters's responses to its interrogatories. Therein, LeMasters stated that she was a line worker at Menasha. She stated that prior

---

2. *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.

3. Civ.R. 56(C).

4. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

5. *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.*, 85 Ohio St.3d at 664, 710 N.E.2d 1116.

6. Id.

7. *Westfield Ins. Co. v. Galatis,* 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, at paragraph two of the syllabus.

8. Id., citing *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.,* supra.

to the accident she was coming from Mentor Mall Apartments and was on her way to Menasha. The police report indicates that the accident occurred shortly after 3:00 p.m. In her appellate brief, LeMasters states that she was on her lunch hour at the time of the accident.

{¶ 14} Taking this evidence together, we cannot determine with certainty whether LeMasters was acting in the course and scope of her employment at the time of the accident. As the trial court issued its judgment entry prior to *Westfield v. Galatis*, it did not make a finding on this issue. Likewise, neither party argued this issue in support of summary judgment. Finally, neither party submitted any evidentiary material that affirmatively answers this question.

{¶ 15} Since there is a genuine issue of material fact with regard to whether LeMasters was acting in the course and scope of her employment at the time of the accident, summary judgment is not appropriate on this issue.

{¶ 16} Lumbermens' second assignment of error has merit.

{¶ 17} We now turn to Lumbermens' first assignment of error, wherein it asserts that the trial court erred by determining that Ohio law, rather than Wisconsin law, governed the interpretation of the insurance policies. Despite the fact that we are remanding this matter because of our analysis of Lumbermens' second assignment of error, this assignment is not moot. Should we find that Wisconsin law governs this action, Lumbermens would be entitled to judgment as a matter of law because Wisconsin does not have a *Scott–Pontzer* equivalent.[9]

{¶ 18} In a similar case, the Eighth District Court of Appeals was recently asked to decide whether Wisconsin or Ohio law applied.[10] The injured party was not acting in the course and scope of his employment. Thus, in the aftermath of *Westfield v. Galatis*, the court declined to answer the choice-of-law question, and held, "[R]egardless of whether Ohio or Wisconsin law is applied to this case, Jones is not entitled to UM/UIM coverage."[11] In the case sub judice, we do not know whether LeMasters was acting within the scope and course of her employment. Therefore, we are unable to summarily resolve this matter in the way the Eighth District did.

{¶ 19} The Supreme Court of Ohio has addressed the issue of a choice-of-law provision in the context of UM/UIM coverage, holding, "An action by an insured against his or her insurance carrier for payment of underinsured motorist

---

9. See, e.g., *Jones v. Kemper Ins. Co.*, 8th Dist. No. 82563, 2003-Ohio-6899, 2003 WL 22972551, at ¶ 18.

10. Id.

11. Id. at ¶ 15.

benefits is a cause of action sounding in contract, rather than tort, even though it is tortious conduct that triggers applicable contractual provisions."[12]

{¶ 20} "Questions involving the nature and extent of the parties' rights and duties under an insurance contract's underinsured motorist provisions shall be determined by the law of the state selected by applying the rules in Sections 187 and 188 of the Restatement of the Law 2d, Conflict of Laws (1971)."[13] Specifically, the Supreme Court of Ohio has indicated that the following factors from Section 188 should be considered: "the place of contracting, the place of negotiation, the place of performance, the location of the subject matter, and the domicile, residence, nationality, place of incorporation, and place of business of the parties."[14]

{¶ 21} In interpreting and applying these factors to automobile policies, many courts look to the state in which the majority of the company's vehicles are garaged.[15] In applying this analysis in a *Scott–Pontzer* case, the First District Court of Appeals noted that the employee's vehicle was garaged in Ohio.[16] Presumably, after the *Westfield v. Galatis* decision, this factor is relevant only if the employee was acting in the course and scope of his employment. Accordingly, we are unable to determine, as a matter of law, which law to apply, because there is a genuine issue as to a material fact—whether LeMasters was acting in the course and scope of her employment at the time of the accident.

{¶ 22} Moreover, the Supreme Court of Ohio "has long held that an insurance policy is a *contract* between the insurer and the insured."[17] The problem is that whether LeMasters was an insured depends on whether she was acting in the course and scope of her employment.

{¶ 23} We acknowledge that we are applying Ohio law in an attempt to determine whether Ohio or Wisconsin law applies. However, the legal concepts involved in this case create a Catch–22 situation for courts attempting to determine the priority of the arguments. In order to properly interpret the

---

**12.** *Ohayon v. Safeco Ins. Co. of Illinois* (2001), 91 Ohio St.3d 474, 747 N.E.2d 206, paragraph one of the syllabus.

**13.** Id. at paragraph two of the syllabus.

**14.** Id. at 477, 747 N.E.2d 206.

**15.** See, e.g., *Ferris v. Rawn,* 4th Dist. No. 02CA39, 2003-Ohio-4441, 2003 WL 21995256, at ¶ 10–11.

**16.** *McRoberts v. Kemper Risk Mgt.,* 1st Dist. No. C–030115, 2003-Ohio-5517, 2003 WL 22358516, at ¶ 11.

**17.** (Emphasis sic.) *Ohayon v. Safeco Ins. Co. of Illinois,* 91 Ohio St.3d at 478, 747 N.E.2d 206, citing *Ohio Farmers Ins. Co. v. Cochran* (1922), 104 Ohio St. 427, 135 N.E. 537, syllabus.

terms of the insurance contract (in this case to determine whether LeMasters is an insured), the choice-of-law question needs to be resolved. However, in order to resolve the choice-of-law question, it is necessary to know whether the plaintiff is an insured and thus a party to the contract. The only logical conclusion is that these analyses must be conducted contemporaneously.

{¶ 24} Again, we do not know whether LeMasters was acting in the course and scope of her employment at the time of the accident. While not conclusive, this fact is necessary to determine which law applies. Thus, there remain genuine issues of material fact and summary judgment is not appropriate on this issue.

{¶ 25} Lumbermens' first assignment of error has merit.

{¶ 26} Lumbermens' third and fourth assignments of error are as follows:

{¶ 27} "[3.] The trial court erred in determining that Menasha Corporation was not self-insured as to both policies, since each policy maintains a $250,000 deductible.

{¶ 28} "[4.] Appellee's claims for coverage under Lumbermens' business auto policy are barred even if she is an insured, since she failed to satisfy the policy's preconditions necessary to entitle her, if insured, to coverage."

{¶ 29} Lumbermens' third and fourth assignments of error both require a finding that LeMasters was an insured. Due to our analysis of Lumbermens' second assignment of error, these assigned errors are moot.

{¶ 30} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.