OPINION
{¶ 1} This accelerated calendar appeal arises from the Geauga County Court of Common Pleas wherein appellant, Nicholas Murfello ("Murfello"), appeals the granting of summary judgment in favor of appellees, Kemper Insurance Companies ("Kemper"), Lumbermen's Mutual Casualty Company ("Lumbermen's"), and American Motorists Insurance Company ("AMICO").
 {¶ 2} On June 4, 1999, Murfello sustained injuries in a motor vehicle accident due to the negligence of Scott Bishop ("tortfeasor"). Bishop was insured through Progressive Insurance Company for liability limits of $12,500. Murfello settled with Progressive for the $12,500 liability limit.
 {¶ 3} Murfello was operating his own motorcycle and was insured with Allstate, with under-insured motorist ("UIM") limits of $50,000 and medical payments limits of $5,000. Murfello settled with Allstate for $37,500 (the $50,000 UIM limit offset by $12,500 from the tortfeasor's insurer).
 {¶ 4} Murfello was employed with Norstar Aluminum Molds, Inc. ("Norstar") in Middlefield, Ohio at the time of the accident. Appellees insured Norstar at the time of the accident. A business auto policy was issued to Norstar through Lumbermen's and a commercial general liability policy was issued through AMICO.
 {¶ 5} Murfello's vehicle was not covered under either policy. Appellees assert, and Murfello concedes, that both policies were negotiated, issued, and delivered in Wisconsin, which is Norstar's principle place of business.
 {¶ 6} In March 2001, Murfello filed the instant action for recovery under Norstar's commercial automobile policy seeking UM/UIM coverage under Scott-Pontzer and its progeny.[1]
Murfello and appellees both filed motions for summary judgment on the issue of whether Murfello was entitled to UIM coverage under appellees' policy.
 {¶ 7} In a judgment entry dated May 15, 2002, the trial court granted summary judgment in favor of appellees. The trial court stated:
 {¶ 8} "This court holds that Wisconsin law applies in this case. The fact that 2 covered vehicles were principally garaged in Ohio does not counterbalance the weight of the other considered factors."
 {¶ 9} Murfello subsequently filed this appeal, citing the following assignment of error:
 {¶ 10} "The trial court erred in granting summary judgment in favor of defendants-appellees."
 {¶ 11} Murfello argues that the trial court erred in granting summary judgment in favor of appellees when (1) an Ohio endorsement was included in the insurance policy, and (2) because the policy covers vehicles registered, principally garaged, and driven in Ohio, Ohio law applies.
 {¶ 12} Pursuant to Civ.R. 56(C), summary judgment is properly granted where no genuine issue as to any material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears that reasonable minds can come to but one conclusion which is adverse to the nonmoving party.[2] The moving party has the initial burden of informing the trial court of the basis of the motion and identifying those portions of the record that demonstrate the absence of a material fact.[3]
 {¶ 13} We begin by noting that UIM motorists claims brought pursuant to the holding in Scott-Pontzer have been significantly limited by the Supreme Court of Ohio's holding inWestfield Ins. Co. v. Galatis. In Galatis, the court limitedScott-Pontzer's application to claims involving an employee injured within the course and scope of employment.[4] Thus, the party seeking UIM coverage as an insured pursuant to the holding in Scott-Pontzer, must establish that the employee of the corporation sustained loss that occurred within the course and scope of employment.[5]
 {¶ 14} In his brief in opposition to appellees' motion for summary judgment, Murfello acknowledges that he was not within the course and scope of employment at the time of the collision. The Eighth Appellate District has addressed this issue regardingScott-Pontzer and the Ohio/Wisconsin law analysis.[6]
That court ultimately concluded that, where it is clear from the facts that the employee was not operating under the course and scope of his employment at the time of the collision and Wisconsin law provides no Scott-Pontzer equivalent theory of liability, the plaintiff would not be entitled to UM/UIM coverage regardless of which state's law applies.[7]
 {¶ 15} We find the rationale utilized by the Eighth District to be appropriate in the instant case. As there is an admission by Murfello that he was outside the course and scope of his employment at the time of the collision, he would not be entitled to UM/UIM coverage under Ohio law. Moreover, Wisconsin law provides for no theory of liability akin to Scott-Pontzer.
Thus, we need not address whether Wisconsin or Ohio law applies in this instance.
 {¶ 16} Therefore, we affirm the judgment of the trial court — not on the basis that Wisconsin law should be applied but, rather, under the holding that, pursuant to the Supreme Court of Ohio's recent holding in Galatis, UM/UIM coverage is not available to Murfello under the Scott-Pontzer theory of liability, as he was outside the course and scope of employment at the time of the collision.
 {¶ 17} Based on the foregoing, the judgment of the Geauga County Court of Common Pleas is affirmed.
Christley, J., Rice, J., concur.
[1] Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660.
[2] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
[3] Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
[4] Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, paragraph two of the syllabus.
[5] Id.
[6] Jones v. Kemper Ins. Co., 8th Dist. No. 82563, 2003-Ohio-6899.
[7] Id. at ¶ 18.